*332 OPINION.
Littleton :
The first issue involved in this proceeding was before the Board in the Appeal of Sentinel Publishing Co., Docket No. 2756, reported in 2 B. T. A. 1211. The evidence in that proceeding consisted of depositions of certain witnesses and the testimony contained therein did not disclose the manner in which the Curtis B. Johnson Publishing Co. acquired the assets and business of the Knoxville Sentinel Co. The testimony in that proceeding was to the effect that cash and the equivalent of cash was paid in to the Curtis B. Johnson Publishing Co. for its stock of the par value of $100,000. It was not brought out in such deposition just how the transaction between Curtis B. Johnson and his associates, and the Curtis B. Johnson Publishing Co., was handled and nothing was disclosed by the record as to how or in what manner the Curtis B. Johnson Publishing Co. acquired the assets of the Knoxville Sentinel Co. For that reason the Board approved the Commissioner’s determination wherein he applied the limitation specified in the provisions of section 826 (a) (4) of the Revenue Act of 1918 in determining the amount to be included in invested capital on account of the tangibles and intangibles acquired for stock. We were compelled to do that because we were without sufficient information to enable us to hold that the intangible assets of the Knoxville Sentinel Co. were not acquired by the Curtis B. Johnson Publishing Co. for its stock. This deficiency in the evidence in the former proceeding relating to this issue has been supplied in this proceeding. Canyon Lumber Co., 4 B. T. A. 940.
There appears to be no dispute as to the cash value of the stock of the Knoxville Sentinel Co. paid in to the Curtis B. Johnson Publishing Co. for its stock or that the tangible and intangible assets of the Knoxville Sentinel Co. were not also worth at least $338,-273.55. The evidence shows that the stock of the Knoxville Sentinel Co. had a cash value of $338 a share at the time it was acquired by the Curtis B. Johnson Publishing Co. in exchange for its stock and *333 at the time such stock was surrendered and canceled and the Knoxville Sentinel Co. dissolved and its assets taken over by the Curtis B. Johnson Publishing Co. The Curtis B. Johnson Publishing Co. issued its stock for tangible property, to wit, stock of the Knoxville Sentinel Co., and later dissolved that company and took over the tangible and intangible assets of the company, which form the basis of the invested capital claimed. The cost of the assets of the Knoxville Sentinel Co. to the Curtis B. Johnson Publishing Co. was $338,273.55 and these assets, although to a large extent intangibles, were not acquired by the Curtis B. Johnson Publishing Co. in exchange for its capital stock and the limitation on intangibles acquired for stock, as provided in section 326 (a) (4), therefore, did not apply in this case. Regal Shoe Co., 1 B. T. A. 896, and Merchants National Bank v. Commissioner, 6 B. T. A. 1167. Petitioner is, therefore, entitled to include in invested capital the full amount of $338,273.55 on account of assets acquired from the Knoxville Sentinel Co. and the Commissioner erred in excluding any portion of that amoimt on the ground that it represented intangibles acquired by petitioner for its stock .
The petitioner, although it did not expressly waive the issue, stated in the petition relating to the statute of limitation, did not urge it at the hearing or in its brief, and we therefore have no information as to the theory upon which this claim is based. Cf. Joy Floral Co. v. Commissioner, 7 B. T. A. 800.
In the original petition filed petitioner claimed that it was entitled to a credit of $4,167.24 against its tax for 1918 and that it is therefore entitled to a refund of tax for that year, but .nothing was said concerning this issue at the hearing or in the brief filed and no testimony was offered in regard thereto from which the Board could make any determination as to whether the petitioner is entitled to such credit even if it should be held that the Board has jurisdiction so to do. In view of the failure of the petitioner to submit any evidence or to make any claim at the hearing in respect to this issue, we conclude that it decided to waive this claim before the Board.
Reviewed by the Board.
Judgment will he entered on 15 days’ notice, under Rule 50.